UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN LEWIS                                                    CIVIL ACTION

VERSUS                                                         NO.  09-3088

STATE OF LOUISIANA, ET AL.                                     SECTION "F"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  The Court has determined that this matter can be resolved without an evidentiary hearing.

I.      **Factual Background**

A.      **The Complaint**

Lewis is an inmate presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  He filed the captioned *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §§ 1983 and the Fifth and Fourteenth Amendments of the U.S. Constitution and Article's 1, 2, 3, 19 and 22 of the Louisiana State Constitution, against Louisiana State, the Louisiana Fifth Circuit Court of Appeals, Judge Thomas J. Kliebert, Judge Edward A. Dufresne, Jr., Judge James L. Cannella and Judge Marion F. Edwards.  Lewis claims that he was denied his constitutional rights by the failure

of the judges of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when considering *pro se* post-conviction writ applications.

Lewis claims that the judges of the Louisiana Fifth Circuit failed to assign *pro se* writ applications to a random three judge panel and instead allotted the applications to one judge who signed the applications. Two other Judge's names were typed onto the applications to give the impression that a three judge panel was actually ruling on the *pro se* application. Instead, Judge Defresne was the only judge who handled most of the *pro se* applications.

Lewis claims he filed a *pro se* writ application in 2003 seeking review of the denial of his Post-Conviction application. However, he contends that regarding his *pro se* application, the judges acted outside of their judicial capacity and authority such that he was denied his right to due process.

Lewis contends that the decision by the judges was outside of the authority granted them by law such that they are not entitled to judicial immunity. As relief, he seeks declaratory judgment against the defendants, compensatory damages in the amount of $250,000 against each defendant for the abuse of their authority in violation of the Due Process Clause, Equal Protection and the violation of his Right of Access to the Courts. Lewis further seeks punitive damages in the amount of $250,000 against each defendant, injunctive relief ordering full disclosure of, and an investigation of, the defendants, and a review of his claim by a three judge panel. He further seeks a trial by jury on all issues.

In his Amended Complaint Lewis seeks the award of attorneys fees if an attorney decides to handle the cause under 42 U.S.C. § 1988. He alleges that Chief Judge Thomas Kliebert, through setting up the administrative procedure, created the opportunity for the denial of his Post-Conviction application in violation of his constitutional rights.

B.      **General Background**

This lawsuit is one of many lawsuits filed in this Court as the result of allegations which came to light after the suicide death of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal.[1]  The Court takes notice that, at the time of his suicide, Peterson left a letter in which he summarized the *pro se* post-conviction writ procedure addressed in Lewis' Complaint.  When his representations were made public, numerous state prisoners sought relief in the state and federal courts contending that the Louisiana Fifth Circuit's procedure violated the state and federal constitutions.  In response, after considering the *en banc* recommendations of the Louisiana Fifth Circuit on how to rectify the concerns, the Louisiana Supreme Court eventually directed that certain *pro se* writ applications be recommitted to the Louisiana Fifth Circuit for review by three-judge panels comprised of judges who were not involved in the decision to adopt the process utilized by Peterson.  *See State v. Cordero*, 993 So. 2d 203, 205-06 (La. 2008).

The Court's research reveals that Lewis filed a writ application with the Louisiana Supreme Court which was denied on November 19, 2004 pursuant to La.C.Cr. P. Art. 930.8.  *State ex rel. Nathan Lewis v. State of Louisiana*, 888 So.2d 187, 2003-2990 (La. 11/19/04).    Lewis filed an application for reconsideration with the Court which again was denied on January 28, 2005.  *State ex rel. Nathan Lewis v. State of Louisiana*, 893 So. 2d 59, 2003-2990 (La. 1/28/05).  Lewis filed an additional writ application which was transferred by the Louisiana Supreme Court to the Fifth Circuit Court of Appeal for consideration pursuant to the procedures outlined in that court's *en banc* resolution of September 9, 2008, *State v. Cordero*, 08-1717 ( La. 10-3-08), 993 So. 2d. 203.

---

[1]*See, e.g.*, *Guccione v. Parish of Jefferson*, Civ. Action No. 09-0301"R"(5); *Johnson v. Parish of Jefferson*, Civ. Action No. 09-2516"B"(1); *Severin v. Parish of Jefferson*, Civ. Action No. 09-2766"I"(5); *Washington v. Louisiana*, Civ. Action No. 09-3186"S"(5); *Luna v. Kliebert*, Civ. Action No. 09-3853"N"(1).

He does not indicate whether he has sought additional relief after the issuance of *Cordero*. While the facts alleged in his complaint are troubling, Lewis's claims are legally frivolous under various legal principles as detailed below.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

III. __Analysis__

A. __Claims Against the State of Louisiana__

Lewis names the State of Louisiana as a defendant in this matter. Suit against the State implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F.Supp. 312, 320 (W.D. La. 1995)("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.")(citing *Anderson v. Phelps*, 655 F.Supp. 560, 560 (M.D. La. 1985); *Bldg. Eng'g Servs. Co. v. Louisiana*, 459 F.Supp. 180 (E.D. La. 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for money damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suit for declaratory and injunctive relief brought against th State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992)(declaratory and prospective injunctive relief can not be pursued directly against the State in federal court.) A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974)(holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to consider the plaintiff's claims against the State of Louisiana. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Thus, Lewis's claims against the State are

frivolous, fail to state a claim for which relief can be granted, and otherwise for seeking relief from an immune defendant pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e. Lewis's claims against the State must be dismissed without prejudice for lack of jurisdiction. *See Warnock v. Pecos Cnty.*, *Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

### B.     Claims Against the Louisiana Fifth Circuit Court of Appeal

The claims against the Louisiana Fifth Circuit Court of Appeal are also subject to dismissal as frivolous. Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state which the district court is held." *See* Fed.R.Civ.P. 17(b).

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether the Louisiana Fifth Circuit Court of Appeal is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code. art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities. *Moity v. La. State Bar Ass'n*, 414 F.Supp. 180, 182 (E.D. La. 1976); *accord Bellow v. Charbonnet*, no. 98-3212, 1999 WL 203740 at * 1 (E.D. La. Apr. 7, 1999)(judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); *see also*, *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995); *Clark v. Clark*, 984 F.3d 272 (8th Cir. 1993); *Ward v. Morris*, 895 F.Supp. 116, 117 (N.D. Miss. 1995). Plaintiff's claims against the Louisiana Fifth Circuit Court of Appeal should

be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

## C.      Claims Against the Judges of the Louisiana Fifth Circuit

Lewis filed the subject suit seeking to hold the named judges of the Louisiana Fifth Circuit liable because they abdicated their judicial duty to review the *pro se* post-conviction writ applications and transferred the responsibility to one judge, namely Judge Dufresne.  Lewis alleges that this breached the court rules requiring that such a review be done by three judges of the court in the same manner as applications brought through counsel.  Lewis contends that the actions of the judges violated the Due Process clause of the United States Constitution, and also denied him equal protection of the law and conspired to violate his civil rights.  His claims are frivolous.

### 1.      Individual Capacity and Judicial Immunity

To the extent that Lewis intended to hold the defendant judges liable in their individual capacity, the claim fails.  It is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.  The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.  Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against the named Louisiana Fifth Circuit judges is that they abrogated their duties to review *pro se* applications in a certain manner and their decision to leave the review to one judge.  Lewis does not question that the judges had jurisdiction to hear the *pro se* writ applications at issue and that the challenged actions were performed in the exercise of their judicial functions.  As a result, the defendant-judges are entitled to absolute judicial immunity with respect to any claim against them in their individual capacity for monetary damages.  *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996).  The claims against the judges are frivolous, fail to state a claim for which relief can be granted, and otherwise seek relief against immune defendants.

## 2.      Official Capacity and the Eleventh Amendment

As to any claim against the defendant-judges in their official capacity, such claims are also barred from review in this federal court.  A judgment against the state circuit court judges in their official  capacities would be satisfied out of the state treasury.  La. Rev. Stat. Ann. § 13:5108.1 (2006).[2]  Therefore, any official-capacity claim against them is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment.  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th

---

[2]La. Rev. Stat. Ann. § 13:5108.1 provides in relevant part as follows:
A. Indemnification.
(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state. . . .
E. Definition.
As used in this Section "covered individual" includes:
(1) An official, officer, or employee holding office or employment:  . . .
(c) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof, in one of the circuit courts of appeal or in the office of clerk thereof, or in any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof. . . .

Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

With respect to Lewis's request for injunctive relief against the judges in their official capacities, his claim are also frivolous.  The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983 (2006); *Guerin v. Higgins*, 8 F.App'x 31 (2d Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000).

Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct their proceedings.  The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).  Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  If a state criminal defendant claims to be prejudiced by the misconduct of a presiding judge, he should avail himself of state procedures and seek review of any resulting conviction through direct appeal or post-conviction collateral review.  *Id*. at 502. A § 1983 suit is not the appropriate means of redress.  Lewis's claims against the judges in their official capacities are barred from review in this Court.

For all of the foregoing reasons, Lewis's claims against the judges in their official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

## IV.    Recommendation

Accordingly,

**IT IS RECOMMENDED** that Lewis's § 1983 claim against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that Lewis's § 1983 claim against the Louisiana Fifth Circuit Court of Appeal be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because the court is not a suable entity.

**IT IS FURTHER RECOMMENDED** that Lewis's § 1983 claims against Judge Edward A. Dufresne, Jr., Judge Thomas J. Kliebert, Judge James L. Canella, and Judge Marion F. Edwards be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 15th day of August, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.